IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UPS GROUND FREIGHT, INC. d/b/a UPS FREIGHT** | ) ) ) |
| **Plaintiff,** | ) ) ) Case No. 19–cv-1126-SMY |
| vs. | ) ) ) |
| **HIGHLAND SUPPLY CORP.,** | ) ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff UPS Ground Freight, Inc. d/b/a UPS Freight filed this action against Highland Supply Corp. asserting a violation of the Interstate Commerce Act and various state law claims (Doc. 1). The case is now before the Court for consideration of Highland's Motion to Dismiss for Forum Non Conveniens (Doc. 19) to which UPS responded (Doc. 23). For the following reasons, the Motion is **GRANTED**.

### Background

Plaintiff UPS alleges that between September 2017 and March 2018, it performed transportation services for Highland pursuant to certain Bills of Lading and Plaintiff's Motor Carrier Tariff (the Bills of Lading and Tariff are collectively referred to herein as the "Contract of Carriage"). UPS further alleges that it completed its obligations to Highland, but Highland has failed to pay for the transportation services. UPS claims that Highland owes it $370,887.49, which includes the freight charge, collection fee and interest, counsel fees and costs and all other applicable fees as per the Contract of Carriage.

Highland moves under 28 U.S.C. § 1404(a) to dismiss this action without prejudice so that it may be filed in Madison County Circuit Court pursuant to the following forum selection clause in the parties' contract:

> The parties to this Agreement hereby consent to the jurisdiction of the State of Illinois and hereby consent and agree that any action or proceeding involving interpretation and/or enforcement of this Agreement shall be brought in the appropriate state court in the State of Illinois covering Madison County. Each of the parties hereto hereby irrevocably waives, to the fullest extent it may effectively do so, any objection either party may have to such venue, any defense of an inconvenient forum to the maintenance of such action or proceeding, an any rights to remove such action to federal courts. If the action cannot be brought in state court, the action shall be brought in federal court for the Southern District of Illinois.

### Discussion

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Where a valid forum selection clause governs disputes between the parties, the "clause should be given controlling weight in all but the most exceptional cases," and "the party defying the forum-selection clause ... bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 63 (2013); *see also Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 894 (7th Cir. 2018) ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.") (internal quotation marks omitted). Where the doctrine of forum non conveniens is successfully invoked, the result is dismissal of the action without prejudice so that it may be refiled in the appropriate court. *Hunt v. Moore Bros., Inc.*, 861 F.3d 655, 657 (7th Cir. 2017).

A forum selection clause may only be overridden by the public interest factors that ordinarily apply under § 1404(a). *See Mueller*, 880 F.3d at 894. Generally, the relevant public interests factors

are, "(1) docket congestion and likely speed to trial in the transferor and potential transferee forums; (2) each court's relative familiarity with the relevant law; (3) the respective desirability of resolving controversies in each locale; and (4) the relationship of each community to the controversy." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). "[B]ecause [these] factors are rarely strong enough to override the parties' preselected forum, the practical result is that forum-selection clauses should control except in unusual cases." *Mueller*, 880 F.3d at 894 (internal quotation marks omitted).

UPS asserts state law claims for breach of contract, fraud, and deceptive practices under the Illinois Deceptive Practices Act, and the sole federal claim – an alleged "federal cause of action for freight charges" – may be pursued in state court. *See S & B Transp., Inc. v. Allou Distribs., Inc.,* 41 F.Supp.2d 388, 391–92 (E.D.N.Y. 1999) (holding that Section 13706 does not confer federal subject matter jurisdiction over disputes involving independent brokerage contracts between broker and shipper)). It is undisputed that the claims at issue arise from the contractual relationship between the parties, and UPS concedes that the contract contains a forum selection clause. It argues, however, that the clause allows for state or federal venue. But the interpretation urged by UPS focuses solely on the last sentence and discounts the remainder of the clause. The forum selection clause clearly requires that disputes be brought in Madison County Circuit Court, and only if a dispute cannot be brought in state court may it be filed in this court.[1]

Accordingly, Defendant's Motion to Dismiss is **GRANTED** and this case is dismissed without prejudice.

**IT IS SO ORDERED.**

**DATED:  June 22, 2020**

**STACI M. YANDLE**
**United States District Judge**

---

[1] UPS does not claim that public interest factors justify overriding the contractual choice of forum.